POLSINELLI PC
Morgan C. Fiander
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
mfiander@polsinelli.com

*Attorneys for U.S. Bank National Association, as Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>1427 43 ST LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-41160-nhl |

**OPPOSITION TO MOTION TO JOINTLY ADMINISTER**
**AND REQUEST TO ADJOURN HEARING**

Secured Creditor U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass Through Certificates, Series 2018-SB51 ("**2018-SB51 Secured Lender**"), by and through its undersigned attorneys, for its opposition to the Motion to Jointly Administer (the "**Motion**") filed by 1427 43 St LLC ("**1427 43 St Debtor**"), hereby states as follows.

1. On April 4, 2023 (the "**Petition Date**"), 1427 43 St Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. 1427 43 St Debtor has designated this case as a single asset real estate case. [Dkt. 1.]

2. In connection with a commercial mortgage loan made to 1427 43 St Debtor in 2018, the 2018-SB51 Secured Lender holds a perfected mortgage lien on all real and personal property owed by 1427 43 St Debtor as of the Petition Date. 2018-SB51 Secured Lender is undersecured, and the property subject to 2018-SB51 Secured Lender's mortgage lien has been in

the possession and custody of a receiver appointed by the United States District Court for the Eastern District of New York, in Case No. 22-cv-1401, since August of 2022.

3.     On April 4, 2023, 1427 43 St Debtor filed the Motion seeking to jointly administer this case with four other bankruptcy cases. Those other bankruptcy cases were filed by 634 Wilson Ave LLC, 221 Himrod St LLC, 867-871 Knickerbocker LLC, and 299 Throop Ave LLC (collectively, the "**Other Debtors**").

4.     In support of the Motion, 1427 43 St Debtor argues only that the Other Debtors and 1427 43 St Debtor are affiliates of each other because Zalmen Wagschal is the sole member of 1427 43 St Debtor and also the sole member of each of the Other Debtors. [Dkt. 11, ¶ 8.] Debtor has submitted no evidence in support of the Motion, and Debtor has not even attempted to explain how any part of the definition of "affiliate" (set forth in the Bankruptcy Code) is satisfied here. Accordingly, consideration of the Motion is premature, as the Motion is devoid of any facts showing that these entities are actually "affiliates" within the definition of the Bankruptcy Code, and as 1427 43 St Debtor has not even filed complete schedules yet, nor has the 2018-SB51 Secured Lender been able to participate in the Rule 341 creditors' meeting or take discovery with respect to any claim of an affiliate relationship.

5.     Accordingly, 2018-SB51 Secured Lender requests that the Motion be set over until June 6, 2023 and be heard together with the 2018-SB51 Secured Lender's Motion to Authorize Custodian to Remain in Possession of the Property, filed on April 28, 2023. [Dkt. 21.].

6.     With respect to the merits of this Motion, based on the information currently available to the 2018-SB51 Secured Lender, the 1427 43 St Debtor is completely wrong about its assertion that the Other Debtors are "affiliates" within the scope of the Bankruptcy Code.

7.       Under Bankruptcy Rule 1015(b), if two or more petitions are filed by "a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Under Section 101(2) of the Bankruptcy Code, an "affiliate" is one of the following: (A) an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor," (B) a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor," (C) a "person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor," or (D) an "entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement." 11 U.S.C. § 101(2).

8.       To the best knowledge of 2018-SB51 Secured Lender, none of subsections (A) through (D) of Section 101(2) apply to the relationship between 1427 43 St Debtor and the Other Debtors. Regarding subsection (A) of Section 101(2), none of the Other Debtors own, control, or hold with a power to vote any of the outstanding voting securities of 1427 43 St Debtor. Although Zalman Wagschal is the sole member (and therefore the 100% owner) of 1427 43 St Debtor, Wagschal has not filed bankruptcy case and therefore has no bankruptcy estate that could be jointly administered with the estate of 1427 43 St Debtor.

9.       Subsection (B) of Section 101(2), only applies to "corporations" (as such term is defined by the Bankruptcy Code) that are owned or controlled by a debtor or by a parent of the debtor. None of the Other Debtors are corporations, thus 1427 43 St Debtor does not own, control,

or hold with a power to vote (nor does Wagschal) any of the outstanding voting securities of any "corporation," as such term is defined by the Bankruptcy Code.

10. Regarding subsection (C) of Section 101(2), to the best knowledge of 2018-SB51 Secured Lender, 1427 43 St Debtor does not operate the business of, or any property for, any of the Other Debtors, whether pursuant to a lease or operating agreement or otherwise.

11. Regarding subsection (D) of Section 101(2), to the best knowledge of 2018-SB51 Secured Lender, none of the Other Debtors operate the business of, or any property for, the Debtor, whether pursuant to a lease or operating agreement or otherwise.

12. 2018-SB51 Secured Lender requests that the Motion be adjourned; however, if it not adjourned, absent new evidence being presented, the Motion must be denied. The Other Debtors are not "affiliates" of 1427 43 St Debtor within the scope of the Bankruptcy Code.

Dated: May 1, 2023                              POLSINELLI PC

By: */s/ Morgan C. Fiander*
Morgan C. Fiander
600 Third Avenue, 42nd Floor
New York, NY 10016
(212) 684-0199
mfiander@polsinelli.com

*Attorneys for Lender*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2023, a true and correct copy of the foregoing was served electronically to Debtor's counsel, the U.S. Trustee, and the interested parties who have requested to receive ECF notification in this case.

*/s/ Morgan C. Fiander*