POLSINELLI PC
Morgan C. Fiander
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
mfiander@polsinelli.com

*Attorneys for U.S. Bank National Association, as Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>1427 43 ST LLC,<br><br>                            Debtor. | Chapter 11<br><br>Case No. 23-41160-nhl |

### EMERGENCY MOTION FOR ORDER DIRECTING DEBTOR TO REFRAIN FROM INTERFERING WITH RECEIVER'S DUTIES

Secured creditor U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass Through Certificates, Series 2018-SB51 ("**Lender**"), by and through its undersigned attorneys, for its Motion for an Order Authorizing Custodian to Remain in Possession of Property of the Estate Under Bankruptcy Code Section 543(d) (the "**Motion**"), states as follows.

1.      Lender is the owner and holder of a commercial mortgage loan made to 1427 43 St LLC ("**Debtor**") in the original principal amount of $2,033,000.00 (the "**Loan**"). The Loan is secured by a mortgage lien on all real and personal property of the Debtor (the "**Property**"). The Debtor's sole asset is a six-unit apartment building located at 1427 43rd Street, Brooklyn, New York, and certain personal property owned in connection therewith.

2.      For nearly eight months prior to the filing of this bankruptcy, the Property was in the possession of a court-appointed receiver, Ian Lagowitz (the "**Receiver**").  Mr. Lagowitz was

appointed as receiver for the Property on August 17, 2022, by the United States District Court for the Eastern District of New York in Case No. 1:22-cv-1402-WFK-RML.

3.      On April 28, 2023, Lender filed in this case a Motion for Order Authorizing Custodian to Remain in Possession of Property of the Estate (the "**Receiver Possession Motion**"), seeking an order authorizing the Receiver to remain in possession of the Property during the pendency of this bankruptcy case pursuant to Section 543(d) of the Bankruptcy Code. The Receiver Possession Motion is scheduled to be heard on June 6, 2023.

4.      On May 2, 2023, a hearing was held in this bankruptcy on Debtor's Motion to Jointly Administer, Motion to Extend Time to File Schedules, and presentment of an Order to Employ Debtor's Counsel. [Dkt. 13, 14, 17, 18.] Present during the hearing was Debtor's counsel, Lender's counsel, and the Office of the United States Trustee. The Receiver Possession Motion was not argued or substantively addressed whatsoever during the May 2 hearing, and it is Lender's counsel's understanding that the Court did not make any substantive rulings on the Receiver Possession Motion at the May 2 hearing.  The substance of the hearing largely involved the Court identifying, and directing Debtor's counsel to fix, various deficiencies with service of the Debtor's motion that were to be heard that day, as well as a brief discussion of Lender's objection to the Motion to Jointly Administer.

5.      Yesterday afternoon, on May 4, 2023, Lender became aware that one of the Debtor's property managers, Select Management, had contacted tenants at the Property on May 2nd within just a few hours after the conclusion of the May 2 hearing and told them that the Property is now "back under Select Management," that Select Management will be "handling all aspects of your tenancy, including rent collection, maintenance requests, leasing, rental renewals, and so on," and that these changes are "effective immediately."

6.      Lender promptly brought this issue to the attention of Debtor's counsel. Debtor's counsel responded by stating that this issue "was brought by Judge Lord at the hearing," that Judge Lord said that "the 543 turnover was automatic and the Debtor's property is in possession and management by the Debtor unless and until she enters and Order otherwise," that the judge "directed that comment to [Lender's counsel] specifically in regards to the [Receiver Possession Motion]," and accusing Lender's counsel of engaging in "hostile and unproductive litigation." A copy of Debtor's counsel's correspondence is attached to the Affirmation of Morgan C. Fiander, submitted concurrently herewith, as Exhibit A thereto.

7.      Lender's counsel disagrees with Debtor's counsel's characterization of the May 2 hearing. It was Lender's counsel's understanding that no ruling whatsoever was made on the Receiver Possession Motion. Rather, it was Lender's counsel's understanding that the Court's comments were with respect to Debtor's Motion to Extend Time to File Schedules and the status of turnover from receivers *in general*, not with respect to Mr. Lagowitz specifically or the Receiver Possession Motion specifically. In fact, the Receiver Possession Motion has not even been fully briefed. The Court may recall that Lender's counsel made the judge aware that Lender had in fact filed the Receiver Possession Motion after the Court made these general comments.

8.      Such a ruling or directive that the Receiver turn over Property to the Debtor before a hearing on the Receiver Possession Motion would be improper, as it would moot the entire Receiver Possession Motion and unfairly divest Lender of its right to have the Receiver maintain possession of the Property pursuant to Section 543(d) of the Bankruptcy Code. A bankruptcy court does not have authority to reinstate or reinstall a receiver in possession of property that is turned over. 11 U.S.C. § 105(b); *In re Stratesec, Inc.*, 324 B.R. 156, 157 (Bankr. D.D.C. 2004); *In re R & G Properties, Inc.*, No. 08-10876, 2008 WL 4966774, *4 (Bankr. D. Vt. 2008). In this instance,

Mr. Lagowitz has not turned over possession of the Property to the Debtor, pending resolution of the Receiver Possession Motion, thus it would be fundamentally unfair to divest Lender of the opportunity to be heard on the Receiver Possession Motion.

9.      It follows, then, that if a receiver is seeking to **_remain_** in possession of the Property, as is contemplated by § 543(d), the receiver **_does not_** need to turn over the Property during the pendency of the motion as he could not "remain" in possession of property that he no longer has. *See, e.g.*, *In re Watkins*, 63 B.R. 46, 48 (Bankr. D. Co. 1986) ("If a motion is timely filed by an interested party to excuse compliance with the turnover provision, then it appears that, pending a hearing, the receiver may retain possession without fear of being cited in contempt"); *In re 444 North Northwest Hwy, LLC*, No. 12 B 27041, 2013 WL 122527 (Bankr. N.D. Ill. 2013) (quoting *Watkins*); *In re 245 Associates, LLC*, 188 B.R. 743, 753 (Bankr. S.D.N.Y. 1995) (Had an interested party "filed a timely motion under 11 U.S.C. § 543(d)(1) and sought an expedited hearing … [or] moved expeditiously by order to show cause, and asked for a temporary stay of the duty to comply with section 543 pending a resolution of the motion," then the custodian "could have remained in possession pending the resolution of the motion").

10.     The Court has authority to enter the emergency relief sought herein in order to protect and preserve the property of the estate. Under § 543(d), a "once a bankruptcy case has commenced, the court 'may temporarily permit a receiver to remain in place while the court decides whether to abstain to the receivership proceeding, or instead require the receiver to turn over the property.'" *R & G Properties*, 2008 WL at *4 (quoting *Stratesec*, 324 B.R. at 157). *See also*, *In re Ziegler*, No. 12-61681-11, 2012 WL 6186597 (Bankr. D. Montana 2012) (court notes that temporarily allowing a receiver to remain in possession while determining turnover is permitted under the Code); *In re Roxwell Performance Drilling, LLC*, No. 13-50301-RLJ-11 Slip

Copy 2013 WL 6799118, *3 (Bankr. N.D. Tx. 2013) (noting court's ability to allow a receiver to temporarily remain in place).

11.     Despite Debtor's counsel's arguments in her email attached hereto, the receivership was *not* ended, and the Property is *not* automatically back in the hands of Debtor and its agents. *French Bourekas Inc. v. Turner*, 199 B.R. 807, 815–16, 818 (E.D.N.Y. 1996) ("the commencement of a bankruptcy case does not, as FBI argues, 'discontinue' a receivership" and "11 U.S.C. § 543 does not always operate to divest a receiver of the debtor's property").

12.     Of course, if the Receiver Possession Motion is ultimately granted, the Receiver's authority to possess and manage the Property after the Petition Date will have been fully vindicated and affirmed.

13.     Debtor, apparently acting at the direction of its counsel, is attempting to take over control of the Property and subvert due process and Lender's right to be heard on the Receiver Possession Motion, creating chaos and confusion among tenants, even though no ruling has been made on the Receiver Possession Motion. An emergency order is needed directing Debtor and its property managers and other agents to immediately rescind their turnover notices sent to tenants and immediately cease all efforts to interfere with the Receiver's possession and management of the Property pending adjudication of Lender's Receiver Possession Motion on June 6, 2023.

Dated: May 5, 2023                              POLSINELLI PC

                                                By: */s/ Morgan C. Fiander*
                                                Morgan C. Fiander
                                                600 Third Avenue, 42nd Floor
                                                New York, New York 10016
                                                (212) 684-0199
                                                mfiander@polsinelli.com

                                                *Attorneys for Lender*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 5th day of May, 2023, a true and correct copy of the foregoing *Emergency Motion for Order Directing Debtor to Refrain from Interfering with Receiver's Duties* was served electronically to Debtor's counsel, the U.S. Trustee, and the interested parties who have requested to receive ECF notification in this case.

*/s/  Morgan C. Fiander*

89545395